# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In the Matter of: Odegua J. Irivbogbe, Applicant to the**
**West Virginia Board of Law Examiners**

**No. 13-0709**

**FILED**

May 30, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Michael J. Farrell, Esq.
Farrell, White & Legg PLLC, for Petitioner, Odegua J. Irivbogbe

John M. Hedges, Esq.
Hedges, Lyons & Shepherd, PLLC, for Respondent
West Virginia Board of Law Examiners

## MEMORANDUM DECISION

This matter is before the Court on the exceptions by the petitioner, Odegua J. Irivbogbe, to the Board of Law Examiners' (hereinafter "the Board" or "the Board's") denial of her application for admission to practice law by bar examination in West Virginia. By decision dated November 29, 2012, the Board concluded that the petitioner lacks the required minimum educational requirements as a graduate of a foreign law school to be eligible for admission to the practice of law by bar examination in the State of West Virginia.

The Court has carefully reviewed and considered the pleadings, together with the appendix record before the Court. This case does not involve a substantial question of law, and the Court does not disagree with the Board's decision. Therefore, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure. As set forth below, we agree with the finding of the Board that the petitioner is not eligible for admission to the practice of law in West Virginia by bar examination.

### Facts and Procedural Background

The petitioner is a graduate of the University of Lagos in Nigeria and applied for admission to the New York State Bar through examination. In 2007, she passed the New York bar examination and was admitted to practice law in New York in 2008. However, she never practiced law in New York. She has since moved to West Virginia, and on July 17, 2012, the petitioner filed an application to the West Virginia Board of Law Examiners seeking admission by examination under Rule 3.0 of the Rules for Admission to the Practice of Law (hereinafter "Rules for Admission"). Upon review of the petitioner's application and accompanying records,

1

by letter dated November 29, 2012, the Board of Law Examiners denied the petitioner's application based on the petitioner's failure to meet the educational requirements of Rules 2.0 and 3.0 of the Rules for Admission. Specifically, the Board found that as a graduate of a law school of a foreign country, where the common law of England exists as the basis for its jurisprudence, Rule 3.0(b)(4) requires, *inter alia*, that petitioner must successfully complete thirty basic credits hours at an ABA-accredited law school. Petitioner has not completed these required credits.

"Article eight, section one *et seq.* of the West Virginia Constitution vests in the Supreme Court of Appeals the authority to define, regulate and control the practice of law in West Virginia." Syl. Pt. 1, *Lane v. W. Va. State Bd. of Law Examiners*, 170 W.Va. 583, 295 S.E.2d 670 (1982). Pursuant to this inherent authority, this Court has promulgated the Rules for Admission.

Rule 2.0 of the Rules for Admission sets forth the following general requirements for admission:

> An applicant is eligible for admission to the practice of law in West Virginia upon establishing to the satisfaction of the Board of Law Examiners: (1) age of at least eighteen (18) years; (2) good moral character and fitness; (3) graduation from an approved college or university with an A.B., B.S., or higher degree, or its equivalent; (4) graduation from an approved law school with an L.L.B., J.D., or its equivalent under Rule 3.0(b); (5) passing score on the West Virginia General Bar Examination or qualification under Rule 4.0, et seq.; and, (6) passing score on the Multistate Professional Responsibility Examination within twenty-five months of achieving a passing score on the West Virginia Bar Examination or application for admission on motion. Any conviction for false swearing, perjury or any felony, and the applicant's prior and subsequent conduct, shall be considered in the determination of good moral character and fitness.

Rule 3.0(b) of the Rules for Admission provides, in pertinent part, as follows:

> (b) *Policy on equivalency*. —The Board of Law Examiners will consider the following circumstances to be the equivalent of completion of a full course of study in a law school accredited by the American Bar Association, and an applicant meeting the standards set forth herein shall be presumed to be eligible to take the West Virginia Bar Examination; providing that all other requirements set forth in Rule 3.0, et seq., for admission to the bar examination are met; *Provided*, That graduates of correspondence law courses, including law schools providing more than 50% of classes as Internet-based classes, shall not be eligible to take the West Virginia Bar Examination;
>
> (1) The applicant is a graduate of a non-ABA accredited law school who has successfully passed the bar examination of another state, the District of Columbia, or commonwealth or territory of the United States, and has been

admitted to practice in such state, district, commonwealth, or territory, or

….

(4)(a) The applicant is a graduate of a law school of a foreign country where the common law of England exists as the basis of its jurisprudence, and

(b) The educational requirements for admission to the bar in said country are substantially the same as those of this State, and that the applicant has satisfied those requirements, and

(c) The applicant has successfully completed study at an ABA-accredited law school, with a minimum of 30 credit hours of basic courses selected from the following areas of law: Professional Responsibility/Legal Ethics, Contracts, Property (Real and Personal), Uniform Commercial Code, Criminal Law, Evidence, Business Organizations/Corporations, Domestic Relations, Wills, Trusts and Estates, Constitutional Law, Civil Procedure, Criminal Procedure, Torts, Federal Taxation and Conflict of Laws, and which such study shall be completed within a period of 36 calendar months from the date of the inception of such study.

The burden of establishing eligibility to take the bar examination to the satisfaction of the Board of Law Examiners shall be on the applicant and upon the institution seeking admission to the bar examination for its graduates.

Following the denial, petitioner timely requested an administrative hearing pursuant to Rule 6.0 of the Rules for Admission. An administrative hearing was held on February 25, 2013. The petitioner testified regarding her education and experience. The hearing examiner issued his findings and conclusions in a report dated May 10, 2013. The hearing examiner concluded that the Board's decision that the petitioner does not meet the educational requirements of the Rules for Admission must be affirmed.

On June 7, 2013, the Board reviewed the hearing examiner's report, together with the transcript of the hearing and the documentation that the petitioner submitted in support of her application. The Board voted to deny the petitioner's application based on the petitioner's failure to meet the educational requirements in Rules 2.0 and 3.0 of the Rules for Admission. In its decision, the Board stated that when an applicant is a graduate of a foreign law school, the Board must consider whether the applicant received substantial instruction on the legal system of the United States. In order to accomplish that goal, the Court established in Rule 3.0(b) a threshold requirement that the applicant complete a minimum of thirty credit hours at a law school accredited by the ABA. Rule 3.0 of the Rules for Admission gives the Board no discretion to waive or modify this requirement, regardless of any particular applicant's other credentials.

Standard of Review

Pursuant to Rule 6(e) of the Rules for Admission, the petitioner filed exceptions with this Court to the Board's decision. We consider this matter under the following standard:

> This Court reviews *de novo* the adjudicatory record made before the West Virginia Board of Law Examiners with regard to questions of law, questions of application of the law to the facts, and questions of whether an applicant should or should not be admitted to the practice of law. Although this Court gives respectful consideration to the Board of Law Examiners' recommendations, it ultimately exercises its own independent judgment. On the other hand, this Court gives substantial deference to the Board of Law Examiners' findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

Syl. Pt. 2, *Matter of Dortch,* 199 W.Va. 571, 486 S.E.2d 311 (1997).

Discussion

In the petitioner's exceptions, she argues that her legal education at the University of Lagos, supplemented by study materials utilized in preparing for the New York bar examination, is equivalent to an education received at an ABA-accredited law school, and that she qualifies to sit for the West Virginia bar examination.

She argues further that the Board misapplied the plain language of Rule 3.0(b) of the Rules of Admission by only considering Rule 3.0(b)(4) when considering her application. Petitioner asserts that she should be permitted to sit for the West Virginia bar examination pursuant to Rule 3.0(b)(1), which applies to graduates of non-ABA accredited law schools who have passed the bar examination of another state and have been admitted to practice in such state. The Board rejected this argument by concluding that the phrase "non-ABA accredited law school" in Rule 3.0(b)(1) applies only to law schools in the United States. Petitioner argues that the Board is incorrect because the Rule does not include a specific geographic limitation. She asserts that her graduation from the University of Lagos, passage of the New York bar examination, and subsequent admittance to practice law in the State of New York are sufficient to satisfy the requirements of Rule 3.0(b)(1).

The Board filed its Response Brief and argues that petitioner does not qualify to sit for the bar examination because she does not meet the general educational requirements for admission to the practice law in West Virginia. The Board asserts that the petitioner, as a graduate of a law school of a foreign country, is not exempt from satisfying the general requirements for admission under Rule 2.0 and the equivalency educational requirements set

forth in Rule 3.0(b)(4) of the Rules for Admission.

The Board states that Rule 3.0(b) of the Rules for Admission, read in its entirety, supports the argument that the phrase "non-ABA accredited law school" does not encompass foreign law schools but applies strictly to those located within the United States. The Board examines language within paragraphs (b)(1), (2), (3), and (4) of Rule 3.0 of the Rules of Admission to demonstrate an express determination of such geographic limitation. The Board asserts that graduates of foreign law schools are subject solely to the fourth provision at Rule 3.0(b)(4) of the Rules for Admission. The Board takes issue with petitioner's argument that she has obtained educational equivalency as required under Rule 3.0(b)(4) of the Rules for Admission.

The main issue on appeal is whether the Board correctly concluded that Rule 3.0(b)(4) applies to all foreign law school graduates seeking admission to practice law in West Virginia. We agree with the Board. The Court addressed this issue recently in the reciprocity application to practice law of a graduate of a foreign law school. *In the Matter of: Sandhya Tulshyan, Applicant to the West Virginia Board of Law Examiners*, No. 13-0072 (W.Va. Supreme Court, November 6, 2013)(memorandum decision). The Court held that a graduate of a foreign law school must satisfy the general requirements for admission eligibility set forth in Rule 2.0 and is required to meet the requirements set forth in Rule 3.0(b) *Policy on equivalency.* Rule 3.0(b)(1) simply does not apply.

Applying the West Virginia Rules for Admission to the Practice of Law, we conclude that the petitioner does not satisfy the general requirements for admission because as a graduate of a law school of a foreign country where the common law of England exists as the basis for its jurisprudence, she is required to satisfy the equivalency provisions of Rule 3.0(b)(4). This includes successful completion of study at an ABA-accredited law school with a minimum of thirty credit hours of basic courses selected from certain listed areas of law. This is referenced in the general requirements for admission eligibility set forth in Rule 2.0. Petitioner has not met the educational requirements for eligibility to practice law in West Virginia. Therefore, she is not currently eligible for admission to practice law in West Virginia by examination.

Finally, the petitioner argues that in denying her application to sit for the bar examination, the Board violated her right to equal protection under the law as set forth by both the Constitutions of the United States and West Virginia. U.S. Const. amend. IV; W.Va. Const. art. III, § 10. "Equal protection of the law is implicated when a classification treats similarly situated persons in a disadvantageous manner." Syl. Pt. 2, in part, *Israel v. W.Va. Secondary Sch. Activities Comm'n.,* 182 W.Va. 454, 388 S.E.2d 480 (1989). The petitioner's claim to an equal protection violation was found to be without merit by the Board, and we agree. The Board recognized that the petitioner, who was educated in a foreign jurisdiction, is not similarly situated to applicants who were educated at ABA-accredited law schools in the United States. Likewise, petitioner's argument that the Board applied a new standard in its evaluation of her application, amounting to a violation of the right to due process, is without merit.

5

Upon consideration of the applicable standard of review and the record presented, this Court affirms the Board's finding that the petitioner, Odegua J. Irivbogbe, is not eligible for admission to the practice of law by examination in West Virginia.

Affirmed.

**ISSUED:** May 30, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum